Filed 1/27/21  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089377 |
| v. | (Super. Ct. No. CR035695) |
| ANTONIO LOREDO MORALES, | |
| Defendant and Appellant. | |

Defendant Antonio Laredo Morales appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  The trial court based its denial on its conclusion that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which provides for resentencing, unconstitutionally amends two initiative measures approved by the voters.

---

[1] Undesignated statutory references are to the Penal Code.

1

We conclude the trial court erred in ruling that Senate Bill 1437 unconstitutionally amends the voter initiative measures. We also reject additional arguments asserted by the District Attorney challenging the constitutionality of Senate Bill 1437. Accordingly, we will reverse the order denying defendant's petition for resentencing under section 1170.95 and remand for further proceedings.

BACKGROUND

After Jesus Alderete was stabbed to death during a gang-related fight on September 11, 2003, a jury convicted defendant of second degree murder with a gang enhancement and of participation in a criminal street gang. The trial court sentenced defendant to 15 years to life in prison for second degree murder with a concurrent term of 15 years to life for the gang enhancement. The trial court also imposed a determinate term of three years for the substantive gang crime and added one year for a prior prison term. (*People v. Morales* (Feb. 27, 2006, C047728) [nonpub. opn.].)

Effective January 1, 2019, Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

As relevant here, Senate Bill 1437 added section 188, subdivision (a)(3), which provides that malice will not be imputed based solely on participation in a crime. (Stats. 2018, ch. 1015, § 2.) It also added subdivision (e) to section 189 to provide that a person is liable for murder only if the person was the actual killer, or acted with intent to kill, or was a major participant in an underlying felony and acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 added section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to file a petition in the trial court to have the murder conviction vacated and to be resentenced on

2

any remaining counts if certain conditions apply, including that the person could not be convicted of murder under the changes made to section 188 or 189 by Senate Bill 1437. (§ 1170.95, subd. (a).)

After the passage of Senate Bill 1437, defendant filed a petition for resentencing under newly enacted section 1170.95. The District Attorney for Yolo County opposed defendant's petition, arguing that Senate Bill 1437 is an unconstitutional amendment of two initiative measures: Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)), and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (Jun. 5, 1990)). The District Attorney also argued that Senate Bill 1437 conflicts with Proposition 9, known as Marsy's Law (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008)).

The trial court concluded Senate Bill 1437 is unconstitutional because it amends Propositions 7 and 115. The trial court denied defendant's petition for resentencing without addressing the Proposition 9 issue or the application of Senate Bill 1437 to defendant's circumstances.

## DISCUSSION

The District Attorney continues his challenge to the constitutionality of Senate Bill 1437 on appeal. But after the trial court denied the petition, appellate decisions have rejected such challenges. Accordingly, instead of our customary discussion of the appellant's contentions, we will recount and discuss the District Attorney's arguments in support of the trial court's denial of the petition.

### I

The District Attorney contends Senate Bill 1437 unconstitutionally amends Propositions 7 (1978) and 115 (1990). But in *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 908-917 and *People v. Lombardo* (2020) 54 Cal.App.5th 553, 559-561 (*Lombardo*), this court recently joined other appellate courts in concluding that Senate Bill 1437 is not an invalid amendment of either Propositions 7 or 115 because the

3

legislation did not add to or take away from any provision in either initiative.  (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300, 308-312 (*Bucio*); *People v. Cruz* (2020) 46 Cal.App.5th 740, 754-761; *People v. Solis* (2020) 46 Cal.App.5th 762, 775-784; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250-251 (*Lamoureux*); *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 280-289.)  Based on our reasoning in *Ferraro* and *Lombardo*, we reject the District Attorney's contention that Senate Bill 1437 unconstitutionally amends Propositions 7 and 115.

## II

The District Attorney further contends Senate Bill 1437 violates the separation of powers doctrine because it vacates final judgments, which is assertedly the province of the courts.  However, in *People v. Marquez* (2020) 56 Cal.App.5th 40, 49-51 (*Marquez*), the court held that Senate Bill 1437 does not violate the separation of powers doctrine. Other cases have reached the same conclusion since the District Attorney filed his brief. (See, e.g., *People v. Lippert* (2020) 53 Cal.App.5th 304, 313; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1073-1081; *Bucio, supra,* 48 Cal.App.5th at pp. 313-314; *Lamoureux, supra,* 42 Cal.App.5th at pp. 257-264.)  We agree with those cases that Senate Bill 1437 does not violate the separation of powers doctrine.

## III

In addition, the District Attorney argues Senate Bill 1437 is in direct conflict with the Victims' Bill of Rights in Proposition 9 (2008), also known as Marsy's Law. In *Lombardo*, this court rejected that contention.  (*Lombardo, supra,* 54 Cal.App.5th at pp. 561-565.)  Other recent decisions have also rejected the argument.  (See, e.g., *Marquez, supra,* 56 Cal.App.5th at pp. 47-48; *Lamoureux, supra,* 42 Cal.App.5th at pp. 264-266; *People v. Johns* (2020) 50 Cal.App.5th 46, 68-69; *Bucio, supra,* 48 Cal.App.5th at pp. 312-313.)  Based on these authorities, we conclude Senate Bill 1437 does not conflict with Proposition 9.

DISPOSITION

The order denying defendant's petition for relief under section 1170.95 is reversed, and the matter is remanded for further proceedings.


                                                     /S/
                                                   MAURO, J.


We concur:


            /S/
BLEASE, Acting P. J.


            /S/
DUARTE, J.